UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KING SOLOMON SEALS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:19-CV-2237 JAR |
| ROBERT JONES-BEY, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff King Solomon Seals for leave to commence this civil action without prepayment of the filing fee. (Docket No. 2). While incarcerated, plaintiff has brought three or more civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion for leave to proceed in forma pauperis and dismiss plaintiff's complaint without prejudice.

### The Complaint

Plaintiff is a pro se litigant currently incarcerated at the Potosi Correctional Center in Mineral Point, Missouri. He brings this action pursuant to 42 U.S.C. § 1983, naming the Robert Jones-Bey, The So-Called National Grand Sheik of the M.S.F. of A., Inc. as defendant. It is difficult to discern plaintiff's ultimate claim, as his complaint consists mainly of declarative statements in which plaintiff assumes various titles and mantles of authority. For instance, plaintiff states that he "would like to proclaim [his] nationality and divine creed." (Docket No. 1 at 5). He asserts that he is "Prophet, Noble, Drew Ali & Sultan, Abdul, Azis…& The Adept Chamber of the M.S.F. of

A. 3rd Heaven." He further claims he is "the Mighty Allah..the only land-lord in the whole world." He calls himself, "King, Solomon & Queen Solomon Seals..the Mighty Allah."

Plaintiff requests that the Court enforce the laws that he has established in America. (Docket No. 1 at 6). He further seeks damages in the amount of "$700,707,700 zillion dollars."

## Discussion

Plaintiff seeks leave to commence this § 1983 action without prepayment of the required filing fee. He is a frequent filer who has had three previous cases dismissed on the basis of frivolity, maliciousness, or for failure to state a claim. As such, his motion to proceed in forma pauperis will be denied and his case dismissed without prejudice.

### A. 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act of 1996 enacted what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action...under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action...in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section does not apply unless the inmate litigant has three strikes at the time he files his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

2

## B. Plaintiff's Previous "Strikes"

Review of plaintiff's files in the United States District Court for the Western District of Missouri reveal that he has accumulated three strikes. *Seales v. Groose*, No. 2:95-cv-4187-SOW (W.D. Mo. July 17, 1995); *Seales v. Moorish Science Temple*, No. 2:95-cv-4246-SOW (W.D. Mo. Sept. 14, 1995); and *Seales v. Groose*, No. 2:96-cv-4053-FJG (W.D. Mo. April 22, 1996).[1] Based on these cases, the Western District has determined that plaintiff has accumulated three strikes pursuant to 28 U.S.C. § 1915(g), and that he is not allowed to proceed in forma pauperis. *Seales v. Purkett*, No. 2:99-cv-4050-NKL (W.D. Mo. April 16, 1999). Plaintiff has also filed fourteen separate cases in the United States District Court for the Eastern District of Missouri in which he has been denied in forma pauperis status on the basis of § 1915(g).[2] In all of those cases, plaintiff's complaint was dismissed without prejudice.

## C. Imminent Danger

Pursuant to § 1915(g), an indigent inmate who has acquired three strikes may still file a lawsuit if he or she is under imminent danger of serious physical injury. *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). This exception provides a "safety valve for the three strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). However, for

---

[1] The Court notes that in the cases before the Western District, plaintiff identified himself as Soloman Seales. In later cases filed before the Eastern District, plaintiff identified himself as Soloman Seales, Jr. In the instant case, however, he refers to himself as King Solomon Seals. These discrepancies notwithstanding, plaintiff's inmate identification number indicates that the same man initiated all of these lawsuits.

[2] The cases are: *Seales v. Adams*, No. 4:12-cv-920-AGF (E.D. Mo. June 1, 2012); *Seales v. Circuit Court of St. Louis County, Missouri*, No. 4:12-cv-1004-NAB (E.D. Mo. June 6, 2012); *Seales v. Warden of PCC*, No. 4:12-cv-1096-NAB (E.D. Mo. June 26, 2012); *Seales v. Gravett*, No. 4:12-cv-1139-JAR (E.D. Mo. July 2, 2012); *Seales v. Gilmer*, No. 4:12-cv-1149-ERW (E.D. Mo. July 5, 2012); *Seales v. Landrum*, No. 4:12-cv-1181-CAS (E.D. Mo. July 16, 2012); *Seales v. Each Psychologist at PCC*, No. 4:12-cv-1186-CDP (E.D. Mo. July 23, 2012); *Seales v. Missouri State Probation and Parole*, No. 4:12-cv-1781-CDP (E.D. Mo. Oct. 12, 2012); *Seales v. Nixon*, No. 4:12-cv-1829-CAS (E.D. Mo. Oct. 16, 2012); *Seales v. United States District Court, Eastern District of Missouri*, No. 4:12-cv-2084-FRB (E.D. Mo. Nov. 20, 2012); *Seals v. Warden of Potosi Correctional Center*, No. 4:12-cv-2237-NAB (E.D. Mo. Dec. 10, 2012); *Seales v. Scaife*, No. 4:12-cv-2375-SNLJ (E.D. Mo. Jan. 3, 2013); *Seales v. Hiawatha*, No. 4:13-cv-373-SPM (E.D. Mo. Mar. 6, 2013); and *Seales v. Reese*, No. 4:13-cv-1696-RWS (E.D. Mo. Sept. 11, 2013).

this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id.*

Plaintiff has not alleged that he is in imminent danger. Indeed, he has not alleged anything at all.[3] As noted above, plaintiff's complaint consists of declarative statements in which he variously pronounces that he is Allah, King Solomon, the Grand Sheik, and Queen. None of his allegations mention his conditions of confinement or come close to asserting that he is in any danger whatsoever, much less in imminent danger of serious physical injury. He has thus failed to demonstrate that the exception to the three-strikes provision in § 1915(g) is applicable to him. Therefore, the Court will deny plaintiff's motion to proceed in forma pauperis and will dismiss this action without prejudice to plaintiff refiling a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to plaintiff refiling a fully-paid complaint. *See* 28 U.S.C. § 1915(g). A separate order of dismissal will be entered herewith.

---

[3] The Court notes that even if plaintiff was granted in forma pauperis status, his complaint would be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. Specifically, plaintiff has not alleged that defendant acted under color of state law or violated a constitutional right. *See Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (explaining that to state a § 1983 claim, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right").

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 29th day of July, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE